UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SEAN JAMES MCBRIDE,<br><br>       Plaintiff,<br><br>      -against-<br><br>UNITED HEALTH GROUP, INCORPORATED,<br>et al.,<br><br>       Defendants. | 26-CV-3226 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, asserts claims against thirty defendants, including private companies, President Donald J. Trump, federal agencies, and public figures such as Elon Musk. Plaintiff asserts claims for alleged violations of his rights under the Fourth and Fifth Amendments to the United States Constitution; the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1962(c), (d); the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030; the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552; 42 U.S.C. § 1985 civil rights conspiracy; and state law.

By order dated April 28, 2026, the court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

### BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff alleges that his claims arose between 2018 and the present, in Long Island, New York; Smithfield, Rhode Island; and Santa Monica, California. (ECF 1 at 5.) Plaintiff developed a professional interest in the Federal Reserve starting 2018, and he alleges that he had an interview in 2021. (*Id.* at 16.) He also had a Zoom call with FRBNY's VP of the Resilience Division. (*Id.* at 59.) Plaintiff alleges that the Federal Reserve exploited his interview process to benefit insurance companies, retained records about him, and inhibited his "ability to make money and hold employment." (*Id.* at 22.)

On February 5, 2023, Plaintiff wrote a memo documenting perceived surveillance of him by the Federal Reserve, the National Security Agency ("NSA") and other government actors. (*Id.* at 19-20.) He alleges that he was subjected to illegal surveillance, intellectual property theft, and

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

defamatory leaks in connection with his memo and the employment process. Since late 2022 or early 2023, false information has affected Plaintiff's financial career and hedge fund efforts.

Beginning September 2023, Plaintiff suffered intentional medical harm, including an internal "bug," similar to a pacemaker, that has "the ability to traverse the internal space of his body and lacerate organs, tissue and muscle," as well as causing neurological impairment. (*Id.* at 23.) In 2024, Plaintiff visited the emergency room at Stony Brook Hospital and received a schizophrenia diagnosis, which he disputes. (*Id.* at 25-26.) In summer 2024, Plaintiff worked as a custodian at East Moriches School District, but he suffered health attacks and cyber intrusions during his employment, which led to his termination. (*Id.* at 35-37.) Beginning in November 2024, Plaintiff worked at Lowe's Riverhead.

At some point, unspecified intimidation forced Plaintiff to leave New York, resulting in him being homeless for about 11 months while he was in Los Angeles and Long Island. Plaintiff returned to New York "with family" on October 20, 2025. (*Id.* at 28.) In 2025 and 2026, Plaintiff made FOIA requests to NSA, "FRB branches," NSA Office of the Inspector General ("OIG"), and Department of Justice (DOJ"), in order "to assist in producing evidence of health wrongdoing." (*Id.*) He alleges that Defendants "actively obscured, altered, or delayed critical records, making it difficult or impossible for plaintiff to document events accurately." (*Id.* at 50.)

From 2022 to 2026, Plaintiff has suffered persistent cyber intrusions and user interface redress attacks, affecting his devices, emails, and decision-making. He alleges that Meta, Snap, and LinkedIn have engaged in social media manipulation, including data access, suppression of account functionality, and targeted content that has influenced his behavior.

In early 2024, at a location Plaintiff refers to as Park Royal, Plaintiff made a suicide attempt. Plaintiff alleges that the conduct of an upstairs resident, including noise and monitoring,

3

was a contributing factor. (*Id.* at 30.) He alleges that there has been stalking in Manorville and the Upper West Side, intimidation drive-bys, and coordinated fireworks. As of April 2026, Plaintiff is still suffering from "internal attacks." (*Id.* at 29.)

Plaintiff seeks $1,000,000,000,000 in damages and injunctive relief to stop Defendants' interference.

## DISCUSSION

### A.      Frivolous claims

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. §1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'— that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989) (A claim is frivolous when it "lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's complaint appears to be premised upon his belief that Defendants are surveilling him and interfering with his thoughts and health. A "[p]laintiff's beliefs—however strongly he may hold them—are not facts." *Morren v. New York Univ.*, No. 20-CV-10802 (JPO)

4

(OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for his assertions that Defendants are engaged in such activities. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . plaintiff must still set forth the factual basis for that belief").

Plaintiff does not provide any plausible factual support for his claims and the claims rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. Plaintiff's allegations are conclusory and implausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (holding that "the district court did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him").

## B.    Leave to amend denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).

Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

**CONCLUSION**

The Court dismisses this action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to terminate all pending motions and enter judgment dismissing this action.

SO ORDERED.

Dated:    May 22, 2026
          New York, New York

                               /s/ Laura Taylor Swain
                               LAURA TAYLOR SWAIN
                            Chief United States District Judge